# Sally Anderson's Appeal.

1. Where one of two executors, upon the filing and confirmation of his account, and payment of all the assets in his hands to his co-executor, was regularly discharged from his office of executor, by a decree of the Orphans' Court, and such decree has remained unchallenged for a period of nearly twenty years, during which both executors died, it is too late for a party interested in the estate to require the executors of such discharged executor to file a further account.

2. The fact that the petitioner seeking such further account had not attained her majority at the date of said decree of discharge, does not give her such right to a further account, especially where it appeared that she was above the age of fourteen years, and was married at the date of said decree, and both she and her husband were parties to and were represented by counsel in the proceedings in which such decree was made, and no fraud in the procurement thereof is shown.

January 30th 1883.   Before MERCUR, C. J., PAXSON, STER-RETT, GREEN and CLARK, JJ.   GORDON and TRUNKEY, JJ., absent.

APPEAL from the Orphans' Court of *Philadelphia county:* Of January Term, 1883, No. 143.

The petition of Sally Anderson, widow, set forth that she was a daughter of James Gihon, who died in April 1853, having by his will devised his estate to his wife for life, and after her death to the petitioner, and appointed George Remsen and testator's wife, Jane Gihon, executors of his will, to whom letters testamentary were granted.   That George Remsen, as acting executor, filed his account in the Orphans' Court of Philadelphia County, in April 1855, which was duly confirmed, and the balance in his hands was awarded to said executors to be held by them in trust for the uses and purposes set forth in the will of said testator.   That said George Remsen filed a further account in November 1859, charging himself with $11,749.20, being the corpus of said estate, which was confirmed, and no other or further account has ever been filed by said George Remsen or Jane Gihon.   The said George Remsen died in March 1880, leaving a will of which he appointed Catharine D. Remsen and others, executors.   Jane Gihon died in June 1880.

The petition, therefore, prayed for a citation requiring the executors of said George Remsen, deceased, to file his final account as trustee or executor.

The answer of the executors of George Remsen, deceased, denied any knowledge by them of the facts averred in the petition, but set up that it appeared by the records of the Orphans' Court that their testator was finally discharged from his office as executor and trustee under the will of James Gihon, by decree of said court, on June 5, 1863; the decree being based upon a petition and proceedings had thereon, to which the petitioner, together with her then husband, was a party and was represented by counsel; that the trust funds and assets in the hands of said George Remsen, at the time of and previous to his discharge, were duly assigned and transferred to Jane Gihon, the other and remaining executor and trustee under the will of James Gihon, deceased, mother of the petitioner, with the full knowledge, consent and approbation of the petitioner and her then husband; and that no funds or property of the estate afterwards came into the hands of said George Remsen or of the respondents, his executors.

The petitioner filed a replication, and the matter was referred to an examiner to take testimony, before whom there was evidence, inter alia, that the petitioner was a minor, of the age

[Anderson's Appeal.]

of nineteen years, at the date of the discharge of said George Remsen, in 1863.

The case was heard upon petition, answer and proofs, and the court, after argument, dismissed the petition, PENROSE, J., filing the following opinion:—

The decree of the court discharging the respondent's testator is a complete answer to the demand for an account, unless it can be shown that it was obtained by fraud, or that the court were without jurisdiction.

We see no evidence whatever of fraud, and the high character of the counsel engaged in the proceedings forbids the suspicion of its existence. The jurisdiction of the Orphans' Court to discharge an executor or testamentary trustee cannot be questioned; and if it be conceded that the petitioner was a minor when the decree was entered, the most that can be said is that there was no formal entry on the record of the appointment of a guardian *ad litem*. She was represented by counsel, and, with her husband, executed the paper presented to the court admitting the allegations of the petition for discharge.

The decree was entered in 1863, and the petitioner, who now admits that she became of age in 1865, has acquiesced in it, and in the transfer of the exclusive custody of the assets of the estate to her mother, the co-executor, from that time until the presentation of her petition on the 12th November 1881.

The granting of the discharge was an adjudication that everything that was required on the part of the executor asking for it had been done (Wadhams *v.* Lackawanna R. R., 6 Wright 303); and if error was committed, the remedy is by bill of review. Such review is in the present case barred by lapse of time, even as against a minor : Littleton's Appeal, 12 Norris 177.

A judgment or decree against a minor is voidable only, and not void, where the record does not disclose the minority ; and until reversed on writ of error or bill of review, will stand. The proceeding for such reversal must, of course, be instituted within the proper time after majority has been attained ; and such time could in no case exceed the period allowed by law for writ of error or bill of review.

There is nothing to show that Mr. Remsen, whose estate is now sought to be made liable for the acts of the executrix, to whom the exclusive custody of the estate passed, after the confirmation of his account, was aware that the petitioner was, at the time of his application for discharge, a minor ; and there is no allegation in the present petition that he had such knowledge. As already stated, she was married, was represented by counsel, and, with her husband, joined in the application for discharge. It is said (Bacon's Abridg. tit. Infancy, I. 3, *133,

vol. V.), "If an infant, being above the age of discretion, be guilty of any fraud in affirming himself to be of full age, or if by combination with his guardian, &c., he make any contract or agreement with an intent afterwards to elude it, by reason of his privilege of infancy, it seems that a court of equity will decree it good against him, according to the circumstances of the case." Certainly one above the age of discretion who, without connivance on the part of the trustee, conceals his infancy, and permits a decree, the effect of which is to relieve the latter from any duty with regard to the care of the trust estate, cannot after the expiration of nearly twenty years, and after the death of the discharged trustee, be permitted to allege the invalidity of the decree by reason of the existence of the fact thus concealed. Infancy, as has often been said, can only be used as a shield, not as a sword.

But it is by no means clear that the petitioner was a necessary party to the proceedings for the discharge. The will created no trust. It gave the estate directly to the widow of testator for life, with remainder to his daughter, the petitioner. It is true that the codicil directed the daughter's share to be held for her sole and separate use; but as she was unmarried at the time of his death, a trust for separate use was a nullity. It is true that the report of the auditor upon the first account filed by the executors, awarded the balance to them in trust for the purpose of the will; but no trust other than that attaching to the office of executor could thus be created; and the proceedings to obtain a discharge are governed by the act of 29th March, 1832, § 21 (Purd. 452, § 232), which is silent as to notice to parties in interest. It is true also that the decree did not direct the surrender of the estate to the co-executor, but this was because it appeared by the petition, and the admission of the parties that it already was in her hands, and had been since the settlement of the account four years before; and there is no allegation on the part of the present petitioner even now that this was untrue.

The petition is dismissed at the cost of the petitioner.

The petitioner thereupon took this appeal, assigning for error, inter alia, the decree dismissing the petition.

*George B. Ely* and *William C. Hannis*, for the appellant.

*Thomas A. Gummey* and *Jerome Carty*, for the appellees, were not heard by the court.

The opinion of the court was delivered February 12th 1883.

[Burkhard *v.* Travellers' Ins. Co.]

PER CURIAM.—This attempt is to impeach the validity of a decree of the Orphans' Court, which has stood unchallenged for nearly twenty years. It is regular and legal on its face. The appellee was discharged in 1863, on his petition and for cause satisfactory to the court. In his petition he set forth, inter alia, that he had filed two accounts of his administration, both of which had been confirmed, the latter one in October 1859, that thenceforth he had ceased to act further in the trust and during all that time it had been managed by his co-trustee alone; and that he had none of the securities or moneys of the estate in his hands, but the same were in the possession of his co trustee, who was the cestui que trust for life, and they had so been, for three years and upwards. The presumption is that the court then inquired into the facts averred and found them to be correct. No order was made in .discharging him to pay over anything to his co-executor or to any other person, for the very good reason that he had no assets in his hands. Thenceforth he rested, and had a right to rest, on this discharge to relieve him from further care and responsibility in regard to the trust property. After acquiescing so long in this decree it would be very inequitable and unjust to permit the appellant to disturb it, on the ground that she had not quite arrived at her majority when it was made. The evidence of fraud was manifestly insufficient to move the equitable powers of the court.

Decree affirmed and appeal dismissed at the costs of the appellant.