140   161
153   419
140   161
J178  256

## ESTATE OF JOHN GRINDROD, DECEASED.

APPEAL BY O. A. B. DEMPSTER FROM THE ORPHANS' COURT
OF MONTGOMERY COUNTY.

Argued February 4, 1891—Decided February 16, 1891.

1. In the absence of fraud, a decree confirming a sale of real estate under the act of April 18, 1853, P. L. 503, cannot be opened, after ten years have elapsed, and the sale set aside, upon the petition of one setting up that he was a minor at the time and had a contingent interest in the land with no notice of the proceedings.

2. Nor, in such case, the purchase money remaining secured on the land in the hands of the purchaser, is such action necessary to secure the petitioner's rights; for, if his title was not divested by the sale, he has the land; if it was divested, he has his interest in the purchase money.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 245 January Term 1891, Sup. Ct., court below, number and term not given.

On June 2, 1890, Ormrod A. B. Dempster presented a petition, which, as subsequently amended, set forth, in substance:

That he was a grandson of John Grindrod, deceased, his mother, Agnes Dempster, was a daughter of said John Grindrod, and Mary Grindrod, his grandmother and the widow of said John Grindrod, had recently died; that under the will of said John Grindrod, deceased, dated January 13, 1871, and duly admitted to probate, it was provided that his real estate should go to the testator's widow during life, and at her death to his four children "for and during their natural lives," with a further provision as follows:

"After the death of my said children, I give and bequeath and devise the same unto the children of my said children then living; that is to say, on the death of either and each of my children, one equal fourth part of my property shall be equally divided among the children of such child so dying equally."

That, at the death of said John Grindrod he was seised of certain real estate in Lower Merion township; that on January

10, 1880, upon the petition of the widow and the four children of the testator, the court made an order authorizing and confirming a private sale of the said real estate to Percival Roberts and George T. Roberts for the sum of $10,500, conveyance thereof to be made "in fee-simple, free from all contingent interests, remainders, estates-tail, and executory devises;" that a conveyance was made accordingly, the purchasers, however, paying no part of the purchase money, but giving a mortgage on the real estate as security therefor still undischarged; that, at the time of said proceedings, the petitioner was over thirteen years of age, and no notice thereof was given to him, nor was he represented by guardian ad litem or otherwise.

The petitioner, therefore, showing that his title to the undivided one fourth of said real estate had not been divested; that Walter, John James, and Alfred Grindrod, children of said John Grindrod, deceased, were still living and had children not of full age, prayed the court to open the decree confirming said sale, to enter a decree setting the sale aside, and for other relief.

Answers to the rule granted having been filed by Percival Roberts and George T. Roberts, showing, inter alia, that on February 17, 1883, George T. Roberts conveyed all his interest in the premises to said Percival Roberts, after argument upon petition, answers and testimony, the court, SWARTZ, P. J., filed an opinion in part as follows:

Can we open this decree at this late day, more than ten years after it was entered?

To disturb a final decree in the Orphans' Court by a rehearing, the application must be made during the term. If nothing has been done under the decree, the time is perhaps extended: Bishop's App., 26 Pa. 470. The general rule is, that after payment of the purchase money and delivery of the deed, in pursuance of a decree of the Orphans' Court, it is too late to interfere with the sale: Simmonds' Est., 19 Pa. 439; Lockhart v. John, 7 Pa. 139.

We do not decide that this decree may not be opened, but we hold that it cannot be disturbed under the present proceeding. The application for a decree to sell at private sale was properly made under the act of April 18, 1853. The parties

proceeded under that provision of the second section of the act which declares that such sale may be had " whenever real estate shall be entailed, or contingent remainders or executory devises shall be limited thereon." If certain of the outstanding interests in the property were not represented at the hearing, and the parties to the proceeding failed to convey the full title intended to be deeded under the decree of the court, the purchaser may have good cause to complain, but how can a party not injured and not affected by the decree be heard to overthrow it?

Ormrod A. B. Dempster's interest in the property was not divested, if he was entitled to notice and failed to receive it. If notice was unnecessary and his title passed, then he is not injured, for the proceeds of the property were secured, and he can obtain his share if any is due him. Where notice is necessary in the Orphans' Court, to dispose of an heir's interest in real estate, failure to give such notice will save his interest and his estate remains undivested: Richards v. Rote, 68 Pa. 248. The same is true in an application to the Orphans' Court to decree specific performance of a parol contract for the sale of land: McKee v. McKee, 14 Pa. 231. Such decrees are void as to persons entitled to notice, but who receive none. Even in a collateral proceeding, they do not stand in their way. To open the decree and set the sale aside would be of no benefit to Ormrod A. B. Dempster, if he was entitled to notice before the decree was entered; and why should we disturb the sale if the purchaser is satisfied with his title and resists this application?

The purchaser in his answer contends that notice to the petitioner was not necessary, because he had no such interest in the property as required representation at the hearing. Under the rule, as we interpret and construe it, he had a contingent remainder. The children of the testator had but a life-estate. Upon the death of each child, the children of each child then living were to receive one fourth of the testator's property. There is a postponement of the division of the estate until the death of the life-tenant or tenants, and the remainder-men cannot be known until the time arrives to designate them. Prior to that time, it is necessarily contingent so far as relates to the persons who are to take: List v. Rodney, 83 Pa. 481; McBride v. Smyth, 54 Pa. 245 ; Craige's App., 126 Pa. 223.

Arguments.

In Smith v. Townsend, 32 Pa. 434, the court say that no one having a present interest can be affected by a proceeding under the act, unless made a party. The act itself provides that all persons having a present or expectant interest shall have notice. Unless the contingent remainder-men are represented, we fail to see how the court can intelligently determine whether such sale is for the interest or advantage of those interested in the property. Our examination of the books discloses that it is the practice, at least in some of the courts, to have the interests of contingent remainder-men represented, whether they be in esse or in posse; but, as already stated, it is not necessary for the purposes of this case to determine whether notice to Ormrod A. B. Dempster was required.

After argument upon the rule in this case, a similar rule was taken against Geo. Theodore Roberts to which an answer was filed. The parties are therefore properly in court; but for the reasons already given, the rules must be dismissed.

And now, January 5, 1891, the rules are discharged and the petition is dismissed; exception.

—Thereupon, the petitioner took this appeal, specifying that the court erred in dismissing the petition, in refusing to set aside the order of sale, etc., made on January 10, 1880, and in holding that said order could not be attacked collaterally.

*Mr. Chas. Hunsicker*, for the appellant.

That the petitioner's interest was a vested remainder, not contingent, counsel cited : Lantz v. Trusler, 37 Pa. 482 ; Young v. Stoner, 37 Pa. 105 ; Minnig v. Batdorff, 5 Pa. 503 ; Wager v. Wager, 1 S. & R. 374 ; Manderson v. Lukens, 23 Pa. 31 ; Womrath v. McCormick, 51 Pa. 504 ; Batione's Est., 136 Pa. 307. That it was not too late to open the decree of sale : Lair v. Hunsicker, 28 Pa. 115 ; Dixcy v. Laning, 49 Pa. 143.

*Mr. G. R. Fox, Jr.*, (with him *Mr. G. R. Fox*), for the appellees.

That the petitioner's interest was contingent, counsel cited : Reichard's App., 116 Pa. 246 ; List v. Rodney, 83 Pa. 483 ; Cannon's Est., 16 W. N. 544 ; Title Co.'s App., 126 Pa. 223 ; Dunwoodie v. Reed, 3 S. & R. 435 ; Stump v. Findlay, 2 R. 168 ; Waddell v. Rattew, 5 R. 231 ; Abbott v. Jenkins, 10 S.

& R. 296; Bennett v. Morris, 5 R. 13; Lyle v. Richards, 9 S. & R. 322. As to notice to be given of the proceeding: § 5, act of April 18, 1853, P. L. 503; Smith v. Townsend, 32 Pa. 442; Morrison v. Nellis, 115 Pa. 42; Moorhead v. Wolff, 123 Pa. 373. That the petitioner had no title whatever: Coggins' App., 124 Pa. 10; Price on Lim., 85.

PER CURIAM:

The appellant filed his petition in the court below, praying the court to open the decree of confirmation of the sale of certain real estate, and to set the said sale aside. The real estate in question was sold in 1880, under the act of 1853, known as the Price act. The ground of the application was that the petitioner was a minor at the time of the sale, and had no notice of the proceedings. It appears that the appellant had only a contingent interest in the property at that time, and that the object of the sale—an object expressly authorized by the act of 1853—was to bar contingent remainders. If we were to concede that contingent remainder-men are entitled to notice when real estate is sold under the act of 1853, it does not help the appellant. This sale cannot be set aside after the lapse of ten years. Something is due to the finality of judgments. The Orphans' Court, after such a lapse of time, has no power, unless, perhaps, in the case of a fraud practiced upon it, to set aside the sale and vacate its own decree. If it might do so after ten years it might do so after a hundred. Nor is such action necessary to vindicate any supposed right of the appellant. If, as he alleges, his title is not divested, he has the land; if it is divested, he has the proceeds.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.