S. E. GULDIN v. G. K. LORAH ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
BERKS COUNTY.

Argued March 4, 1891—Decided March 23, 1891.

An action to compel an accounting for partnership assets, brought against
a surviving partner more than six years after the death of the plaintiff's
intestate, is barred by the statute of limitations : Hamilton v. Hamilton,
18 Pa. 20 ; McKelvy's App., 72 Pa. 409; Everhart's App., 106 Pa. 349.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WIL-
LIAMS, JJ.

No. 334 January Term 1891, Sup. Ct. ; court below, No. 22
June Term 1880, C. P.

On May 12, 1880, Sallie E. Guldin, administratrix of the es-
tate of Simon P. Guldin, deceased, brought case against George
K. Lorah and Samuel R. Guldin, executors of John F. Guldin,
deceased.

On February 18, 1885, a declaration was filed to which the
defendants pleaded, "non-assumpsit, with leave, etc." On April
20, 1885, the cause was referred to referees, who, on May 2,
1887, filed an award of " no cause of action." On exceptions
filed, the award was set aside on March 23, 1889, at the costs
of the plaintiff.

On January 20, 1890, on motion of plaintiff's attorney, de-
fendants' attorney consenting, it was ordered that a rule granted
on February 6, 1888, to show cause why the form of action
should not be changed from case to account-render, be made
absolute, nunc pro tunc as of March 24, 1889. A declaration
in account-render having been filed, the defendants, on Febru-
ary 11, 1890, reserving and excepting, etc., pleaded " ne unques
bailiff or receiver, plene computavit, payment, former award,
and the bar of the statute of limitations."

At the trial on April 16, 1890, it was made to appear that
Simon P. Guldin, plaintiff's intestate, and John F. Guldin, de-
fendants' testator, were engaged, prior to March 28, 1873, in
the business of buying and selling mules in partnership. On

said date, Simon P. Guldin died. John F. Guldin, as surviving partner, thereupon undertook the settlement and liquidation of the partnership business. He died on May 13, 1875, testate, the business of the partnership still unsettled, and, as was alleged, with a large amount in value of the partnership assets in his hands.

At the close of the testimony, the court, ENDLICH, J., charged the jury:

This action is brought to compel an accounting at the hands of the executors of John F. Guldin, who was a partner of Simon P. Guldin, whose death occurred March 28, 1873. It may be that the evidence that has been given before you in this case is to be regarded as establishing the fact that John F. Guldin became possessed of certain assets belonging to that partnership. It may be, also, that a surviving partner ought not to be sued, cannot be sued within one year after the death of his co-partner for a settlement of any partnership affairs. Still, I say to you that the failure of the plaintiff to bring this suit until after more than seven years from the date of Simon P. Guldin's death, deprives her of the right to recovery in this case. [It may be a hardship that the plaintiff in this case must lose what might have been recovered if she had brought this action sooner, but I will read to you what the Supreme Court says about matters of that kind, in a case which I have before me: " And in reason and justice, why should not the statute close upon partners, who, for six years after dissolution, take no steps to ascertain the balance between them? On what principle should such an account remain open for all time? As soon as dissolution takes place, they stand no longer in any relation of trust or confidence to each other: the implied authority given by each to the other ceases, and they are no longer agents one for the other; and the objects of their association having come to an end, the time for a settlement has arrived. Six years is a fair time to allow for closing their affairs, and is a reasonable time for demanding a settlement as in an analogous case: " McKelvy's App., 72 Pa. 413. I therefore take upon myself the responsibility of instructing you to render a verdict for the defendants. I have less hesitation in doing so, since, if this is an error on my part, that error may be corrected by a further application

Arguments.

to this court; and since the evidence, which has been produced before you in this case, is of such a character that whatever verdict you will arrive at, or could arrive at, would be practically a mere guess. A party ought to be protected, of course, in the assertion of any right which he has, but he is bound to assert that right within the time allowed by the law; and he is also bound to establish it by evidence which makes out his right with a reasonable degree of certainty. If a party has allowed so long a time to elapse that it is impossible for him to produce evidence which will establish his right with such reasonable certainty, he is not entitled to much pity if he is told he cannot recover. You will, therefore, render a verdict for the defendants.] [1]

—The jury returned a verdict for the defendants as directed. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, assigning the portion of the charge in [ ] [1] for error.

*Mr. D. E. Schroeder*, for the appellant.

Counsel cited: Bell v. Newman, 5 S. & R. 86; Pennock v. Freeman, 1 W. 401; Kuhns's App., 87 Pa. 100; U. S. Bank v. Biddle, 2 Pars. 31; Harrisburg Bank v. Forster, 8 W. 16; Gandolfo v. Hood, 1 Pears. 269; Johnston v. Humphreys, 14 S. & R. 395; Mattern v. McDivitt, 113 Pa. 402; Heberton v. Jepherson, 10 Pa. 124; Brown v. Agnew, 6 W. & S. 238; Atwater v. Fowler, 1 Edw. Ch. 417; De Haven v. Bartholomew, 57 Pa. 129; King v. Coulter, 2 Gr. 77; Duke v. Railroad Co., 129 Pa. 422; McFarland v. Insurance Co., 134 Pa., 602.

*Mr. Aug. S. Sassaman, Mr. Daniel Ermentrout* and *Mr. C. H. Ruhl*, for the appellees, were not heard.

In the brief filed, counsel cited: McKelvy's App., 72 Pa. 413; Hamilton v. Hamilton, 18 Pa. 20; Shelmire's App., 70 Pa. 281; Everhart's App., 106 Pa. 349; Neely's App., 85 Pa. 390; Evans's App., 81 Pa. 278; 1 Pomeroy's Eq., § 418; Yorks' App., 110 Pa. 79; Holden v. McMakin, 1 Pars. 285; Farman v. Brooks, 9 Pick. 242; Robinson v. Hook, 4 Mas. 152; Cowart v. Perrine, 3 Green C. E. 454; 1 Daniell's Ch. Pr., 664; Angell on Lim., §§ 25–30; Milford's Eq. Pl., 269; Story's Eq. Pl., § 751; Noyes v. Crawley, L. R. 10 Ch. Div. 31.

Statement of Facts.

PER CURIAM:

This was a suit brought by the administratrix of a deceased partner against the surviving partner, to compel an accounting for the partnership assets. The defence interposed was the statute of limitations. No good reason is apparent why it should not be applied in such case, nor why the plaintiff should have waited over seven years before commencing suit. The right to plead the statute in such cases, is distinctly recognized in Hamilton v. Hamilton, 18 Pa. 20; McKelvy's App., 72 Pa. 413; Everhart's App., 106 Pa. 349.

Judgment affirmed.

