## Garrett L. Crouse v. Alva A. Bedell and William Hogencamp, Appellants.

*Jurisdiction, equity—Error in proceedings.*

Where a court has general jurisdiction over the subject-matter and the parties, no mere error of the court in the proceedings will make void the decree.

*Appointment and expenses of receiver—Preliminary injunction—Omission of security—Laches.*

A preliminary injunction and appointment of a receiver were made by one order and without security entered by complainant as required by the Act of May 6, 1844, P. L. 564; while on objection made at the time such order would have been revoked by the court below or reversed on appeal, this defect will be cured by stipulation filed and it cannot be invoked to defeat the legitimate expenses of the receiver in the execution of his duties.

Argued Feb. 17, 1899. Appeal, No. 22, Feb. T., 1899, by defendants, from order of C. P. McKean Co., Dec. T., 1898, No. 2, allowing fees and expenses of the former receiver to be paid by the acting receiver. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Partnership bill for receiver and injunction. Before MORRISON, P. J.

It appears from the record that a partnership bill being filed the court appointed Fletcher Coleman as receiver. Coleman entering upon the discharge of his duties gave a bond, but no security of any sort was taken to indemnify defendants against

any loss, costs or damages which they might sustain by reason of the appointment of a receiver. Coleman subsequently resigned as receiver and E. E. Tait was appointed by the court to succeed him. He also gave bond to the court and entered upon the discharge of his duties. After Coleman resigned from the receivership he entered a bill for services and disbursements and upon motion the court made an order on E. E. Tait, the successor, to pay the bill, whereupon defendants appealed.

*Error assigned* was to the order of the court in directing the present receiver, out of any moneys in his hands, to pay the former receiver the amount of $339.81 the amount of his disbursements and compensation as itemized in his petition filed.

---

*R. L. Edgett*, of *Berry & Edgett*, with him *R. B. Stone*, for appellants.—The commonwealth can give no bond. The law which forbids an injunction to be granted without bond can only be obeyed in this case by refusing the injunction altogether: Com. v. Canal Co., 21 Pa. 117, 130; Railroad v. Casey, 26 Pa. 287.

Under a mandatory statute an act must be done at the time specified: Black on Interpretation of Statutes, 4.

An absolute enactment must be obeyed and fulfilled exactly: Black on Interpretation of Statutes, 336, note.

And where compliance is made in terms a condition precedent to the validity of what is done, the neglect of the statutory enactment would obviously be fatal: 23 Am. & Eng. Ency. of Law, 454.

A decree granting an injunction and appointing a receiver is a unit; the order appointing a receiver is itself an injunction: Schlecht's Appeal, 60 Pa. 172.

An order appointing a receiver for a railroad company is in effect an injunction from which an appeal will lie: New Castle & Fr. R. R. Co.'s Appeal, 3 Walker, 281.

No amount of hardship or impossibility or illegality will avoid the bar of a condition precedent unperformed: Allegheny City v. Railway, 159 Pa. 411.

*Henry C. McCormick* and *F. P. Schoonmaker*, with them *W. W. Brown*, for appellee.—Mere irregularity is not a juris-

dictional defect such as will deprive the court of power: Watson v. Bank, 5 S. Car. 159; 10 Ency. of Pleading and Practice, 1106 ; Young v. Rollins, 90 N. Car. 125 ; U. S. v. Agler, 62 Fed. Rep. 824.

Our own courts have held that when the courts have general jurisdiction over the subject-matter and the proper parties are in fact before it an error in the proceedings will not avoid the decree: Littleton's Appeal, 93 Pa. 177 ; Wilson v. Scranton, 141 Pa. 621.

OPINION BY W. D. PORTER, J., November 20, 1899 :

The plaintiff filed a bill in equity against the defendants, praying for the dissolution of the firm of Bedell & Crouse, the appointment of a receiver of the assets, property, accounts and credits of said firm and an accounting of the partnership dealings.    The court, on October 21, 1898, made a preliminary order appointing Fletcher Coleman receiver of the firm and restraining the defendants from exercising further control over the firm property.    Coleman filed his bond as receiver, in accordance with the decree of the court, which bond having been duly approved, he took charge of the property of Bedell & Crouse and rendered services and expended money in the execution of his trust.    The parties, plaintiff and defendants, on December 2, 1898, entered into a stipulation and agreement, which agreement was filed of record and approved by the court, under the terms of which the business of the firm was to be continued and carried on by the receiver.    Fletcher Coleman, not desiring to continue as receiver under this arrangement, with the consent of the court, resigned.    Thereupon, by agreement of the parties, E. E. Tait, Esq., was appointed receiver, and continued to act as such.    Fletcher Coleman subsequently filed a statement of his disbursements and expenditures as receiver and the court granted a rule to show cause why the same should not be paid out of any moneys that might come into the hands of Tait, who had succeeded Coleman as receiver.    The defendants opposed the payment of these expenses, the court made the rule absolute, and from that order the defendants took this appeal.

The only assignment of error is to the making of the order directing Tait, as receiver, to pay, out of any money coming

into his hands as such receiver, to Coleman the amount of his disbursements and expenses while acting as receiver. There is no objection to any item of Coleman's account; the only objection to its allowance being that the plaintiff in the bill not having given a bond prior to the appointment of the receiver and the making of the order restraining the defendants, the court was without jurisdiction to appoint a receiver. This contention of the appellants is founded upon the Act of May 6, 1844, P. L. 564, sec. 1, which is as follows: "No injunction shall be issued by any court or judge until the party applying for the same shall have given bond with sufficient sureties, to be approved by said court or judge, conditioned to indemnify the other party for all damages that may be sustained by reason of such injunction."

The order appointing the receiver and granting the injunction was a unit, it was mandatory in language, had the effect of and was an injunction. It was clearly within the operation of the statute, and yet it was issued without a bond having been given by the plaintiff. This was an error for which the order would undoubtedly have been revoked by the court below, or reversed upon appeal, had the objection been made in time: Schlecht's Appeal, 60 Pa. 172; Railroad Co. v. Casey, 26 Pa. 287. There was no defect of jurisdiction in the initiation of the proceeding, which was by bill filed in the proper court having general jurisdiction of the subject, and the plaintiff was in court upon a valid application to its unquestionable powers. The failure to require the plaintiff to give a bond prior to issuing the injunction did not affect the jurisdiction of the court over the parties or the subject-matter. The court, therefore, had general jurisdiction over the subject-matter and the parties, and no mere error of the court in the proceeding made void the decree: Littleton's Appeal, 93 Pa. 177; Haught v. Irwin, 166 Pa. 551. The purpose of the legislation upon which the appellants rely was to prevent men's rights from being jeoparded by special injunctions awarded during the pendency of causes, before those rights were determined by final decree. There can be no doubt that a defendant can waive this provision of the statute, by stipulation filed at the time of the issuing of the injunction or subsequently. In the present case, the defendants, after having filed their answers to the bill and being fully aware of their rights,

filed a stipulation that the business should continue to be carried on by the receiver, under the control and direction of the court, and the objection now urged against the appointment was for the first time suggested when the receiver subsequently asked that he be repaid the money which he had expended in the discharge of his duty. It was too late. The parties, being properly in court, had agreed that the property should be administered by the court through its officer, and must be held to have waived any error in the proceedings which they had the legal right to waive. At the time the receiver made his application for repayment, the defendants had no right to question the regularity of his appointment, and it cannot avail the appellants that, at one stage of the proceedings, they had it in their power to cause that appointment to be set aside: Wilson v. Scranton City, 141 Pa. 621. The defendants cannot avail themselves of all the fruits of the decree and join in carrying it into effect in so far as it is to their advantage, and then object to payment of the legitimate expenses of its execution: Jacoby v. McMahon, 174 Pa. 133.

Judgment affirmed.