# Borland's Appeal.

*Partnerships—Accounting—Decedents' estates—Petition for review—Laches—Statute of limitations.*

1. Where an administrator c. t. a. of the surviving partner of a firm originally consisting of five members, files an account of the firm's assets, and such assets are distributed by the court after reference to an auditor, the widow and children of one of the original partners have no standing to maintain a bill of review to open the decree confirming the auditor's report, where it appears that at the time of the death of the husband and father of the petitioners, he was indebted to the firm; that this indebtedness was carried on the books of the firm for some time, and finally charged to profit . and loss; that notice in writing was given to his widow and to his administrator of this indebtedness without any reply from them; that among the papers of the firm there came into the possession of the administrator c. t. a. who filed the account, a paper described as an agreement between the petitioners' decedent and the decedent of the administrator c. t. a. and further described as "notice of dissolution;" that this agreement was subsequently lost; that the two decedents were not interested together in any other venture; and that the petitioners did not file their petition for review until twenty-six years after the death of the decedent and four years and nine months after the absolute confirmation of the report of the auditor.

2. In such a case the petitioners are also barred by the statute of limitations, inasmuch as the statute closes upon partners who for six years after dissolution take no steps to ascertain the balance between them.

Argued Oct. 26, 1911. Appeal, No. 168, Oct. T., 1911, by Katharine B. S. Borland et al., from order of C. P., No. 2, Allegheny Co., July T., 1905, No. 326, dismissing petition for review in account of The Fidelity Title and Trust Company, Administrator, c. t. a., of the Estate of James M. Bailey, deceased, surviving partner of Phillips, Nimick and Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for review.  Before FRAZER, J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal of review.

*Morton Hunter,* for appellants.—A partnership proved to exist is presumed to continue.  Cooper v. Dedrick, 22 Barb. 516; Rhone v. Gale, 12 Minn. 54; Innis v. Campbell, 1 Rawle, 373; Smith v. Knowlton, 11 N. H. 191; Cresson's App., 91 Pa. 168.

The estate of David Borland, deceased never lost its interest in the partnership property.  Kitchen v. Smith, 101 Pa. 452.

The real estate of the partnership when no longer needed in the business of the partnership nor for payment of debts or the settlement of partnership accounts becomes the real estate of the late co-partners held by them as tenants in common.  Haeberly's App., 191 Pa. 248; Foster's App., 74 Pa. 391.

As the Appellants were entitled to participate in the distribution of the fund being the balance in hands of the Accountant and no actual notice was given to them of the proceedings and they were not made parties to the proceedings the distribution is a nullity as to them.  Dunklin v. Harvey, 56 Ala. 181; White's Estate, 163 Pa. 388; Messinger v. Kintner, 4 Binn. 97; Mitchell v. Kintzer, 5 Pa. 216; Biddle v. Tomlinson, 115 Pa. 299; Grim's App., 109 Pa. 391; Hambleton v. Yocum, 108 Pa. 304; Nimick's Est., 179 Pa. 591; Young's App., 99 Pa. 74; Yeager's App., 34 Pa. 173; Michigan v. Phoenix Bank, 33 N. Y. 9.

Lapse of time in applying for a review no bar where ground of the application is fraud.  Breden v. Gilliland, 67 Pa. 34; Pantall v. Dickey, 123 Pa. 431; King v. Brooks, 72 Pa. 363; Monroe v. Monroe, 93 Pa. 520; Heffner v. Gunz, 29 Minn. 108 (12 N. W. Repr. 342); Lee v. O'Shaughnessy, 20 Minn. 173; Feikert v. Wilson,

38 Minn. 341 (37 N. W. Repr. 585); Blennerhassett v. Day, 2 Ball & Beatty 104.

The statute does not run when the account is open and current. McKelvy's App., 72 Pa. 409; Nimick's Est., 179 Pa. 591; Thompson v. McGaw, 2 Watts 161; Yorks's App., 110 Pa. 69.

*Richard H. Hawkins,* of *Dalzell, Fisher & Hawkins,* with him *John E. McCalmont,* for appellees.—"A chancellor's finding of fact that no partnership existed * * * when based upon sufficient evidence, will not be reversed by the Appellate Court in the absence of manifest error." Sears v. Scranton Trust Co., 228 Pa. 126; Ricketts v. Capwell, 228 Pa. 268; Lehigh Valley Coal Co. v. Lentz, 228 Pa. 346; Bierly v. Sener, 228 Pa. 289; Myers v. Coal Co., 228 Pa. 444.

The account audited in the 1905 cannot be reviewed. Russell's App., 34 Pa. 258; Priestley's App., 127 Pa. 420.

The Borlands had legal and constructive notice of the account filed and proceedings had in 1905. Weber v. Samuel, 7 Pa. 499; App v. Dreisbach, 2 Rawle 287; Coates' Est., 2 Parsons 258.

The rights in the representatives of David Borland to any share in the partnership assets accrued in 1884, and the statute of limitations barred their rights in six years. Riddle v. Whitehill, 135 U. S. 621 (10 Sup. Ct. Repr. 924); Knox v. Gye, L. R. 5 H. L. 656.

The Pennsylvania rule, to the effect that a right for an accounting may be demanded immediately after the death of a partner by his representatives and that as the right accrues then it is barred by the statute of limitations in six years from the date of the death, is announced in: Guldin v. Lorah, 141 Pa. 109; McKelvey's Appeal, 72 Pa. 409; Hamilton v. Hamilton, 18 Pa. 20.

OPINION BY MR. JUSTICE BROWN, January 2, 1912:

In 1873 the firm of Phillips, Nimick & Company was formed for the purpose of manufacturing iron and steel. Its members were William K. Nimick, Alexander Nimick, James M. Bailey, David Borland and Hugh McDonald. McDonald subsequently transferred his interest in the partnership to the other four members of the firm. William K. Nimick died in 1875, but, by special agreement, his estate continued his interest in the partnership, and in 1887 Charles E. Speer, trustee under his will, transferred that interest in pursuance of an order of the Orphans' Court to Alexander Nimick and James M. Bailey. David Borland died intestate March 3, 1884, and his administrator wound up his estate by filing a final account. Alexander Nimick executed a deed of assignment for the benefit of creditors in 1891 and died in 1898. James M. Bailey died in 1903. In May, 1905, The Fidelity Title and Trust Company filed its account as administrator c. t. a. of Bailey, surviving partner of the firm of Phillips, Nimick & Company. This account was referred to an auditor for distribution of the assets in the hands of the administrator, amounting to $108,568.83, and these were distributed equally between the surviving trustee under Alexander Nimick's deed of assignment and the trustees under the will of James M. Bailey, the auditor having found that, by various assignments, the other three original interests in the partnership had been transferred to and become vested in James M. Bailey and Alexander Nimick. The report of the auditor was confirmed absolutely on October 19, 1905, and distribution was thereupon made by the accountant. On July 27, 1910—more than twenty-six years after the death of David Borland and four years and nine months after the absolute confirmation of the report of the auditor distributing the balance in the hands of the appellee as administrator c. t. a. of Bailey, surviving partner of the firm of Phillips, Nimick & Company—

the widow and children of Borland presented their pe-
tition to the court below, asking that the decree con-
firming the report of the auditor be opened to enable
them, or the estate of their decedent, to participate in
the distribution of the assets admitted by the account-
ant to have been in its hands as the representative of
Bailey, the surviving member of the firm. Two ma-
terial averments in the petition were that no settlement
had ever been made for the partnership share or in-
terest of David Borland in the firm of Phillips, Nimick
& Company, and the petitioners had no notice of the
filing of the account by the administrator of the sur-
viving partner or of the distribution made by the audi-
tor until July 15, 1910.

If David Borland was a member of the firm of Phil-
lips, Nimick & Company on March 3, 1884, it was dis-
solved that day by his death; but it is by no means
certain that he was a partner at the time of his death.
On the contrary, it appears that when he died he was
indebted to the firm in the sum of $900, which was car-
ried on the books for some time and finally charged to
profit and loss. Notice in writing was given to his
widow and to his administrator of this indebtedness,
but there was no reply from either of them intimating
that there was an unsettled partnership account. This
is not to be overlooked when now, after a lapse of more
than twenty-six years from Borland's death, his widow
and children for the first time insist that he was a
member of the firm at the time of his death. If he had
been, it was the right of his administrator to call upon
the surviving members at any time within six years for
an accounting; but the administrator did nothing at
all indicating a belief, either by himself or by the
widow and children of the deceased, that he had con-
tinued, up to the time of his death, to be a member of
the firm. During all the more than twenty years fol-
lowing the six years after his death not a thing was
done nor a word spoken by his administrator or his

widow and children which even intimated that they regarded him as having been a member of the firm at the time of his death. It does not consist with human experience that the widow and children would have held their peace for more than a quarter of a century if they believed the husband and father had continued to be a partner until his death and would have waited until this late day to claim a portion of the partnership assets. Increased doubt as to Borland's membership in the firm at the time of his death grows out of the testimony that among the papers of Phillips, Nimick & Company that came into the possession of the appellee was an "agreement between David Borland and J. M. Bailey, and notice of dissolution." This agreement was lost, and the court below, though not having the benefit of its contents, assumed that it related to the affairs of Phillips, Nimick & Company, as it was among the papers of that firm, and it did not appear that Borland and Bailey were interested together in any other business venture. Commenting on the testimony as to this lost agreement, a conclusion of the learned chancellor, not assigned as error, is as follows: "Standing alone it would not be sufficient to establish the transfer, but considered in connection with the delay in making claim, especially for five years after the death of the last surviving member of the firm, and twenty-six years after the death of Mr. Borland, it is at least sufficient to make the claim quite doubtful. If Mr. Borland did not part with his interest in the firm why did not his administrator demand a settlement of the firm's affairs, or why did his heirs remain silent for twenty-six years after his death? The extreme laches on their part has not been satisfactorily explained. The law does not look with favor on stale claims, and in view of the fact that petitioners had at least constructive notice of the filing of the account of the Fidelity Title and Trust Company, and of the hearings before the auditor, together with the lapse of twenty-one years between the

death of Mr. Borland and the filing of the account without any demand for an accounting, we are of opinion that this request for a review comes too late."

The appellants may not have had actual notice of the filing of the appellee's account, nor of the report of the auditor making distribution, but they had constructive notice of each, for such notice was given by due legal advertisement, and this was sufficient: App v. Dreisbach, 2 Rawle, 287; Priestley's Appeal, 127 Pa. 420; Ferguson v. Yard, 164 Pa. 586.

The relief asked for by the appellants, after the unusually great lapse of time in presenting their petition for it, could not have been granted by the court below unless there was first clearly established the membership of the deceased in the firm at the time of his death. This fundamentally material fact was not so established, and the petition was properly dismissed for the reason stated in the above quoted extract from the opinion of the court.

An additional reason given by the court below for dismissing the petition is that the statute of limitations bars the relief sought. Under the facts as developed, this was not error. There was no proof that Bailey had ever held himself out to the appellants or to any one else as a liquidating partner, having partnership assets in his hands, to a portion of which Borland's estate would be entitled on an accounting. On the contrary, everything done by him and Alexander Nimick subsequently to Borland's death was inconsistent with the admission of their partnership with him at the time of his death and was in hostility to the claim now made by his widow and children. The statute, therefore, ran from his death. "And in reason and justice, why should not the statute close upon partners, who, for six years after dissolution, take no steps to ascertain the balance between them? On what principle should such an account remain open for all time? As soon as dissolution takes place, they stand

no longer in any relation of trust or confidence to each other—the implied authority given by each to the other ceases, and they are no longer agents one for the other; and the objects of their association having come to an end, the time for a settlement has arrived. Six years is a fair time to allow for closing their affairs, and is a reasonable time for demanding a settlement as in an analogous case:" McKelvey's Appeal, 72 Pa. 409. . Other cases recognizing this rule are Hamilton v. Hamilton's Executors, 18 Pa. 20; Guldin v. Lorah, 141 Pa. 109; Garretson v. Brown, 185 Pa. 447.

Appeal dismissed at the costs of appellants,