## Elkins's Estate.

Argued December 7, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

G. *Ruhland Rebmann, Jr.,* of *Edmonds, Obermayer &
Rebmann,* with him *George B. Clothier, H. Lester Haws*
and *Frank G. Raichle,* for appellant.

*Boyd Lee Spahr,* of *Ballard, Spahr, Andrews & Inger-
soll,* with him *Aaron S. Swartz, Jr.,* and *W. W. Mont-
gomery, Jr.,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, January 18, 1937:

These two appeals are from the decrees of the orphans'
court refusing to surcharge trustees of the Estate of Wil-
liam L. Elkins in two of the trusts created by his will.

The proceedings were begun by petitions to open and
review accounts of the trustees confirmed absolutely by
the court below on May 30, 1925, and also the decree then
made discharging Sidney F. Tyler, one of the trustees.
The petitions were filed July 1, 1931, more than five
years after the decrees of confirmation and discharge.
The court concluded that as the petitioners were minors
when the decrees were entered and were not represented
at the audit of the accounts, they were not barred by the
limitations of five years fixed by section 48 of the Fidu-
ciaries Act of June 7, 1917, P. L. 447, 20 P.S. sec. 843.
The section of the Act provides: "Within five years after
the final decree confirming the original or supplemen-
tary account of any fiduciary, which has been or may be
hereafter passed upon, petition of review being pre-
sented by such fiduciary or his legal representatives, or
by any person interested therein, alleging errors in such
account, or in any adjudication of the orphans' court, or

any report of an auditor of such account, which errors shall be specifically set forth in said petition of review, said petition and errors being verified by oath or affirmation, the orphans' court shall grant a rehearing of so much of said account, adjudication, or auditor's report as it alleged to be error in said petition of review, and give such relief as equity and justice may require, by reference to auditors, or otherwise, with like right of appeal to the proper appellate court, as in other cases: Provided, That this act shall not extend to any cause when the balance found due shall have been actually paid and discharged by any fiduciary."

In *Stetson's Est.*, 305 Pa. 62, 155 A. 856, where it appeared that accounts were audited, adjudicated and confirmed absolutely, more than five years prior to the filing of the petition for review, and where the orphans' court had awarded a review, we said (p. 67) : "This section of the Act of 1917 must be construed to mean that the party 'alleging errors in such account, or in any adjudication of the orphans' court, or any report of an auditor on such account,' can only effectively do so 'within five years after the final decree confirming' the account. . . . A careful study of all the opinions referred to by the respective counsel, and of many others, including, as we believe, every relevant decision of this court since the Act of 1840 was passed, has shown us that no review was ever granted where the record showed a case within the purview of either of those statutes, if its applicability was urged, unless fraud was alleged and proved." We there decided that, where no fraud is charged, the review must be petitioned for within five years after the final decree confirming the account or it will be too late. No exception of any kind was made in this broad ruling. The principle so announced was confirmatory of what had been held in *Littleton's Appeal*, 93 Pa. 177; *Jones's Appeals*, 99 Pa. 124; *Anderson's Appeal*, 102 Pa. 258; *Grindrod's Est.*, 140 Pa. 161, 21 A. 259; *Borland's Appeal*, 234 Pa. 280, 83 A. 110; *Sloan's Est.*, 254

Pa. 346, 98 A. 966; *Given's Est.*, 292 Pa. 483, 141 A. 296; *Price's Est.*, 29 Pa. C. C. 449 (PENROSE, J.). See also *Daub's Est.*, 313 Pa. 35, 169 A. 379.

We again declare that, except where fraud is properly alleged and proved, there can be no review of an account presented to the orphans' court, advertised, audited, adjudicated and confirmed absolutely after five years from the date of the decree of confirmation; it matters not that some of the parties in interest were minors or under other disability at the time of the entry of the decree. Such a decree is binding upon all the world unless fraud be shown.

The Act of 1917, supra, does not exempt persons under disability from the operation of its provisions. Such being the case, it provides an effective bar to the claims of all persons whether sui juris or not. "A saving from the operation of statutes for disabilities must be expressed or it does not exist. . . . A law general in its nature binds minors and femes covert, and there is a multitude of statutes by which the rights of such persons are affected, though they are not specially named": *Warfield v. Fox*, 53 Pa. 382, 385; *McCall v. Webb*, 88 Pa. 150; *Way v. Hooton*, 156 Pa. 8, 26 A. 784. "The exemptions from the operation of statutes of limitation usually accorded to infants do not rest upon any fundamental doctrine of the law, but only upon express provisions therefor in such statutes. It is competent for the legislature to put infants and adults upon the same footing in this respect, and this is the effect of a statute containing no savings clause exempting infants": Wood, Limitation of Actions, Vol. 2, page 1083.

We may add that the orphans' court, having mistakenly reached the conclusion that the statute did not bar the right of review, heard all matters presented to it looking toward a surcharge of the trustees and concluded that none was warranted. Our reading of the record convinces us that this determination was correct.

The decrees are affirmed at appellants' cost.