## Wilkey's Estate

*Charles D. Fagles*, for petitioner.
*Swartz, Campbell & Henry*, contra.

STEARNE, J., July 1, 1938.—This is a petition for the review of an adjudication filed over five years prior to the present application. The reason assigned is a specific averment of fraud.

Under the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 48, an account presented to the orphans' court, advertised, adjudicated, and confirmed absolutely, cannot be reviewed after five years from the date of the final decree of confirmation except where fraud is properly alleged and proved: Stetson's Estate, 305 Pa. 62; Elkins' Estate, 325 Pa. 373; Neafie's Estate, 325 Pa. 561.

The sole inquiry therefore is whether fraud has been properly alleged and admitted. The facts admitted in the petition and answers may be concisely summarized as follows:

Decedent died August 27, 1918. By her will she appointed Esstella W. Douglass as executrix. According to the terms of the will (decedent's sister, Sarah, having predeceased her) Margaret L. Wilkey was entitled to all of the income from the estate for life. The executrix filed her account and the balance shown therein was awarded by an adjudication dated October 25, 1919, to Esstella W. Douglass as trustee for the benefit of the life tenant.

Esstella W. Douglass, trustee, died July 18, 1929. On November 7, 1929, Wilbur H. Alexander was appointed substituted trustee under the will of decedent. Said Wilbur H. Alexander was also the executor of the estate of such deceased trustee. Mr. Alexander, as executor of the deceased trustee, filed an account of such trustee, and by adjudication dated November 8, 1929, the fund therein accounted for (which was the same fund awarded to the trustee by the prior adjudication) was duly awarded to Mr. Alexander as substituted trustee.

Margaret L. Wilkey, life tenant, died April 2, 1934, terminating the trust. The substituted trustee filed his account May 2, 1934, which was duly audited and adjudication filed March 24, 1936. By this adjudication, the fund hereinbefore referred to was duly distributed to the persons found to be entitled thereto.

At the audit of this account it was disclosed that Esstella W. Douglass, trustee, had, under leave of court,

joined in sales of real estate in which decedent had an interest, as well as received certain sums of money in condemnation proceedings concerning real estate of decedent. The auditing judge found that these proceeds amounted to $7,088.63. These proceeds have never been accounted for, either by the trustee, her executor, or by the substituted trustee.

The auditing judge therefore ruled:

"In view of these unaccounted for assets, the awards to Esstella W. Douglass will be suspended from distribution, in order that the parties in interest or any of them may present a petition for the review of adjudication confirming the account, and should such petition not be filed within thirty days, this order suspending distribution is rescinded."

A petition for review was filed on April 22, 1936 (within the 30 days), which is now before the court. At the oral argument it was represented that the delay meantime was occasioned by the efforts of the interested parties to adjust the matter.

With the record in this situation we are unanimously of opinion that the prayer of the petition should be granted. Fraud is defined in 26 C. J. 1059, as follows:

"Fraud in its generic sense, especially as the word is used in courts of equity, comprises all acts, omissions, and concealments involving a breach of legal or equitable duty and resulting in damage to another."

As this trustee acquired the proceeds from the sales of real estate, and neither she nor her successors have accounted therefor, this constituted fraud in fact.

The prayer of the petition is granted and the adjudication of November 8, 1929, confirming the account of Wilbur H. Alexander, executor of the will of Esstella W. Douglass, deceased, who was the trustee under the will of Anne M. Wilkey, deceased, is opened for the purpose of review, for the sole purpose of ascertaining what sum or sums of money were received by the said Esstella W.

18 

Douglass, trustee under the will of said decedent, and for which she has made no accounting, and for such adjudication and decree in the premises as law and equity may require.