Walter Jacoby, by his next friend, *v.* Owen McMahon, Appellant.

*Decedents' estates—Orphans' court sale—Estoppel.*

While the orphans' court has no jurisdiction to authorize an administrator to sell a decedent's real estate at private sale for the payment of debts; yet where it has been so sold and the guardian of the decedent's son is cited to appear and make any objection that he might have to the sale, and the proceeds of the sale are applied to the payment of decedent's debts, thereby relieving land in another county descending to the son, the son cannot after the expiration of eight years, in an action of ejectment, recover the land sold by the administrator. See act of June 12, 1893, P. L. 461.

Argued Jan. 29, 1896. Appeal, No. 210, Oct. T., 1895, by defendant, from judgment of C. P. No. 3, Allegheny Co., August Term, 1892, No. 23, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed.

Ejectment for a lot of ground in the 14th ward of the city of Pittsburg. Before KENNEDY, P. J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

*Error assigned* was above instructions.

*W. L. Merwin,* for appellant.—It is settled law that the facts set out in the petition determine the jurisdiction: Torrance v. Torrance, 53 Pa. 505.

If any of the proceedings were irregular they cannot be attacked in a collateral proceeding: Bennett v. Hayden, 145 Pa. 586; act of March 29, 1832, sec. 2, P. L. 190; act of April 13, 1854, P. L. 368.

When the jurisdiction attaches, as against all persons who were made parties the purchaser's title is unprejudiced by any error in the proceedings: Morrison v. Nellis, 115 Pa. 41.

A party cannot have the price of land sold and the land itself: Maple v. Kussart, 53 Pa. 348.

In the case of Spencer v. Jennings, 114 Pa. 618, upon which

the court below decides this case, the principal, if not the only, question decided was that it is within the exclusive jurisdiction of the orphans' court having jurisdiction of the accounts of the administrator of the estate of a decedent, to determine whether any money should be raised by sale or mortgage of the real estate of said decedent.

*J. L. Ritchiey, Geo. W. Acklin* with him, for appellee.—In the case of Spencer v. Jennings, 114 Pa. 618, it was held that the "orphans' court" had no power under the act of 1853 upon a petition by the administrator, merely to provide for the payment of the debts of the decedent.

It was evidently the intention that the sale was under the authority of the Price act. The orders of sale had all expired, and none of them authorized a private sale of the land.

The orphans' court had by no order attempted to authorize the administrator to make a private sale: Myers v. Hodges, 2 Watts, 381, hence he had no power to ratify one: Ellet v. Paxson, 2 W. & S. 418.

The want of jurisdiction in this case stands out boldly on the face of the record: McPherson v. Cunliff, 11 S. & R. 422; Kemp v. Kennedy, 1 Peters Cir. Court, 36; Gordon's App., 93 Pa. 361; Kennedy v. Wachsmuth, 12 S. & R. 171.

OPINION BY MR. JUSTICE DEAN, March 2, 1896:

This action was an ejectment for a lot of ground in 14th ward of the city of Pittsburg. The father of plaintiff, Christopher R. Jacoby, purchased the lot by deed, October 23, 1872, from Charles Meyran and executed to Meyran a mortgage, which was duly recorded, for $670 of the purchase money; $290 of the mortgage remained unpaid at Jacoby's death, intestate, 20th January, 1879. Letters of administration on his estate were taken out by James Hindley, and he, on 18th January, 1884, presented his petition to the orphans' court of Allegheny county for leave to sell the lot and other real estate for payment of debts, among the last, the balance due on the mortgage. The petition, schedule of debts, appraisement of personal property, were all regular and properly verified; thereupon a citation was awarded directed to his widow, to the guardian of his only child, the plaintiff, and to Meyran, the mortgagee, to

appear and show cause why the prayer should not be granted; proof of service was had on all the parties, and no objection made; thereupon the court by formal decree of February 2, 1884, ordered the administrator to sell the lot at public sale for cash, discharged from the lien of the mortgage, and make return of the sale. On April 19 following on application of the administrator, the court modified the order and directed that the lot be sold subject to the lien of the mortgage. On May 31 following, the administrator made return that he had offered the lot for public sale on the premises, but failing to obtain an adequate bid, asked that the time for making sale be extended until 12th of July following; the court entered an order that the time be extended as prayed for. The administrator again presented his petition stating no bidder had appeared, and owing to neglect of bill poster, legal notice had not been given; he therefore prayed for another extension; thereupon, July 12, the court directed an alias order of sale returnable 9th of August following. To this order the administrator made return that he had offered the property at public sale on 9th of August, after due notice according to law, but no bids were made, except a friendly one of $400 by his attorney to save the property from sacrifice; that he has by much exertion secured a purchaser at private sale, Owen McMahon, who offers the sum of $425, which offer he will accept, if approved by the court; that in his opinion, it is a higher and better price than can be obtained at public sale; he therefore prays the court to confirm the sale and authorize him to convey the lot to McMahon. Thereupon the court made this decree:

"And now, November 24, 1884, the foregoing report and petition having been presented in open court, and it appearing to the court that there are debts not of record, upon consideration thereof, the court being of opinion that it is for the best interest of the estate and all concerned, do order, adjudge and decree that the said James Hindley, administrator of C. R. Jacoby, sell and convey the said lot of ground as in foregoing proceedings more fully described, to the said Owen F. McMahon, and make and execute a deed therefor, in fee, upon payment by him to Chas. Meyran, mortgage creditor of the sum of

$290.58, and of the sum of $134.42, being balance of consideration money, into court for distribution.

Per Curiam.

"Received, November 25, 1884, from Owen F. McMahon, the sum of $134.42, being purchase money paid into court as per above order, which sum, less my coms. of $1.34, I have deposited in Iron City National Bank, subject to the further order of this court.

"PHILIP HOERR, Clerk."

| Amount | . | . | . | . | . | . | . | $134.42 |
| Deduct coms. | . | . | . | . | . | . | . | 1.34 |
| Dep. . | . | . | . | . | . | . | | $133.08 " |

McMahon paid off the balance of the mortgage, making with the money paid into court the full amount of the purchase money, and the administrator made a formal conveyance to him of the lot. He went into possession and so remained until May 6, 1892, a period of nearly eight years, when this plaintiff, son of intestate, brought this ejectment. It was claimed at the trial the administrator had no authority to sell the lot for payment of debts at other than a public sale, and the orphans' court could give no power to make a sale not authorized by the statute. The learned judge of the court below so held, on the authority of Spencer v. Jennings, 114 Pa. 618.

The sale was under the act of March 29, 1832, P. L. 190, for payment of debts, and by no possible construction can the act of 1853, known as the Price act, be made to cover the irregularity or stamp the decree of the court as a ratification; it could not ratify that which it had no power to authorize. But, will this plaintiff now be permitted to object to the proceeding. McMahon, the purchaser, paid his money, and there is no intimation it was not a full price; he paid on a formal decree of the orphans' court; true, he was bound to know better, that is, know the law better than the court which authorized and confirmed the sale, still his case appeals strongly to a sense of justice; for, as is said in Maple v. Kussart, 53 Pa. 348, "It is a maxim of common honesty, as well as of law, that a party cannot have the price of land sold and the land itself." This $425 was applied in payment of the father's debts, and thereby re-

lieved the land of the son in Fayette county.   By his guardian he was cited to appear in court and make any objection he might have to the sale for payment of debts ; presumptively he was in court at the date of every decree, and when this unauthorized order was made ; he made no objection and indirectly benefits by the blunder of the court.   Eight years afterwards he appears in another court and objects, because the manner of sale was unauthorized.   It is too late.   If this sale had not been made with formal notice to him through his guardian ; or if the purchase money had not inured to his benefit, the palpable hardship to the purchaser would not, of itself, have moved us to so decide.

   We think defendant's written point, " That under all the evidence, the verdict should be for the defendant," should not have been refused ; as the refusal is now assigned for error, this assignment is sustained and the judgment is reversed.