# In the Matter of the Application of the Doylestown Distilling Company, Limited, for a Distiller's License.

*Liquor law—Petition for a license is to the discretion of the court.*

A petition for a license is addressed to the judicial discretion of the license court, a discretion resting on reasons to be found in the line of inquiry marked out by the statute from which it is derived.

*Liquor law—Judicial discretion not reviewable, arbitrary discretion is.*

The appellate court can inquire into nothing but the regularity of the proceedings and the character of the discretion exercised by the license court. The findings of fact and conclusions of judgment by which the discretion of the license judge is to be regulated, when within the field of investigation assigned to him by law, are not subject to review.

When, however, the judge passes beyond this field he quits the sphere of judicial discretion. The law having fixed the standard by which the right of a petitioner for a distiller's license is to be judged a discretion not

regulated by this standard but determined by tests unknown to the law, is not judicial, but an arbitrary abuse of discretion which the appellate court should review.

*Liquor law—Abuse of discretion—Review by appellate court.*

The Act of June 9, 1891, P. L. 257, excludes the determination of the question of the necessity of a brewer's or distiller's license from the requirements to entitle a license, and where the license court assigns the absence of necessity for a distiller's license as a reason for refusing the license, he not only goes beyond the requirements of the statute in quest of a reason for refusal, but rests his decision on a reason which the statute expressly excludes from consideration. Such a ruling therefore is a marked instance of the exercise of an arbitrary discretion, and presents such abuse of discretion as requires correction by the appellate court.

Argued Nov. 19, 1897.   Appeal, No. 143, Oct. T., 1897, by the Doylestown Distilling Co., Ltd., from decree of Q. S. Bucks Co., refusing distiller's license.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Reversed.   RICE, P. J. and BEAVER, J., dissent.

Application for distiller's license.   Before YERKES, P. J.

The application for the license, bond and other proceedings were in regular form.   The application having been heard according to the rules of court the license was refused upon the ground that there was no necessity for it, in an opinion by YERKES, P. J., as follows :

This petition seems to rest upon peculiar grounds.   It is not stated that a license is needed for the accommodation of the general public, but rather to enable the applicants an opportunity to make a market for their peculiar brand of liquors by convincing the public through experience, that their liquors are alone beneficial to them, as a remedy for various diseases to which the human family is subject.   The principal testimony and exhibits laid before us seem to establish that this want is felt in Wallingford, Connecticut, to a good deal greater extent than here.

It is true one Doylestown physician presents a rather guarded certificate of the results of the use of the liquor in cases of feeble digestion and prostration which, with his limited experience, encourage him to give it further trial.   It does not appear, however, that the stimulating effect here referred to is different

from that of the use of other alcoholic drinks.    From time immemorial the result of the use of such has given encouragement to further trial.

Another witness bases his testimony upon his idea of the benefits which will accrue to the community by the use of this kind of intoxicant from what has been represented to him, and the character of certain members of the company to whose standing he testifies.    The basis for the first reason is of a somewhat beclouded character, and the second was unnecessary, the high character of the parties named being well known.

He somewhat damages the doctor's certificate by proving that "liquor is used as medicine throughout the world."

It is also said that the farmers will be benefited by this house being licensed.    No farmers have so declared, however.

The usual number of petitioners, who always sign petitions, has certified to the benefits to be derived from this license.

None of this testimony throws light upon the only questions which, under the law, are material to the inquiry before us, viz: The necessity for the license, and the fitness of the place and the person who may conduct the business.

Doylestown already has two licensed wholesale liquor stores, both well located to accommodate public demands, and, so far as has been shown, they supply liquors in quantity and quality sufficient for all purposes.    One of these is the house of Mrs. Huber, who appears to be the second largest holder in value in the petitioning company.    These licensed houses no doubt would willingly dispose of the cold distilled spirits if there be such a crying demand for it, and at reasonable profit.

We have seen no evidence that Mrs. Huber or the other members of the company, who, by their long residence here, are well acquainted with the necessity for this license, are desirous, particularly, that it be granted.    The place is also unsuitable. Mrs. Huber's store is within four doors from it and is located so as not to unduly annoy private dwellers. · The latter are entitled to some degree of protection from unpleasant surroundings.

To impose another liquor store upon that immediate neighborhood could only be justified by the clearest necessity.

. We regard the special plea, that only one kind of whiskey will be sold, of a superior medicinal quality, as a clever device to obtain a valuable privilege without establishing such necessity as the law requires for its grant.

. .The license is refused.

*Errors assigned* were (1) In refusing to grant distiller's license to the Doylestown Distilling Co., Ltd., upon the ground that the same was not necessary. In refusing the license the learned judge saying : " It is not needed for the accommodation of the general public." " That it is a clever device to obtain a valuable privilege without establishing such necessity." And again : " None of the testimony throws light on the questions which, under the law, are material, viz : Necessity." (2) In comparing the application with that of Mrs. Huber and H. P. Beerer, they holding wholesale licenses. (3) In not approving the bond.

*J. D. James*, with him *N. C. James*, for appellant.—The Act of June 9, 1891, P. L. 257, provides in section 4, Art. V. as follows : " That the place to be licensed is necessary for the accommodation of the public : Provided, that the provisions of this section as to whether the place to be licensed is necessary shall not apply to a brewer or distiller."

The application of the Doylestown Distilling Co., Ltd., comes directly within the requirements of this provision, and therefore the question of necessity should not have been considered. The reason of record is " No necessity." The reason assigned is not a legal and valid reason : Gemas' Appeal, 169 Pa. 43 ; Doberneck's Appeal, 1 Pa. Superior Ct. 99 ; Lauck's Appeal, 2 Pa. Superior Ct. 53.

No argument offered or paper-book filed for appellee.

OPINION BY SMITH, J., December 13, 1897 :

The principles that must govern the decision of this case have been settled by repeated and well considered adjudications. These principles, with the authorities on which they rest, have been so recently reviewed, in Donoghue's Appeal, 5 Pa. Superior Ct. 1, that no extended discussion of them is here necessary.

A petition for license is addressed to the discretion of the license court. This is not an arbitrary or unregulated discretion, but a judicial discretion, resting on reasons to be found in the line of inquiry marked out by the statute from which it is

derived. These reasons relate in part to matters of fact, susceptible of direct proof, such as citizenship, ownership of the place to be licensed, interest in the business to be conducted there or elsewhere, etc.; and in part to conclusions of judgment to be formed by the court upon evidence or personal knowledge, respecting such matters as the petitioner's moral character, his fitness to receive a license, the necessity for the house, etc. The discretion of the license judge is to be governed by the facts ascertained and the conclusions reached by him respecting the matters to which his inquiry is by law directed.

The appellate court can inquire into nothing but the regularity of the proceedings and the character of the discretion exercised by the license court. The findings of fact and conclusions of judgment by which the discretion of the license judge is to be regulated, when within the field of investigation assigned to him by law, are not subject to review. When, however, he passes beyond this field, he quits the sphere of judicial discretion. The law having fixed the standard by which the right of the petitioner is to be judged, a discretion not regulated by this standard, but determined by tests unknown to the law, is not a judicial but an arbitrary discretion. Such a mode of exercise is an abuse of the discretion committed to the license court. Where no reasons are given for the decision, the law will presume adequate grounds for it. But when reasons are given which are based on matters not within the scope of inquiry defined by law, but show a clear departure from the statutory tests, an abuse of discretion is manifest, which it becomes the duty of the appellate court to correct.

So far as the record in the case before us shows, there was no remonstrance or other opposition to the petition. The license court, in an opinion accompanying the refusal of the license applied for, based its decision solely on the ground that the petitioner sought the license "without establishing such necessity as the law requires for its grant." The conclusion of the license court (based on personal knowledge), that the necessity in question had not been established, must be here accepted, for we cannot review its judgment on this point. If therefore the law demands that such necessity be established in this case, the court was right in refusing the license.

The petition was for a license as a distiller. The act of

June 9, 1891, upon which the court proceeded in the premises, while enumerating the requirements to be met by the applicants for certain licenses, contains this express exception : " Provided, That the provisions of this section as to whether the place to be licensed is necessary shall not apply to a brewer or distiller."

Thus the license court not only went beyond the requirements of the statute in quest of a reason, but, in resting its decision on the absence of necessity, decided the case against the petitioner on a ground which the statute expressly excludes from consideration. Upon the principles established by the authorities already referred to, it is impossible to regard this as the exercise of a judicial discretion. On the contrary, it is a marked instance of the exercise of an arbitrary discretion, in direct disregard of the enactment designed to regulate the discretion of the court in the case before it; in brief, an abuse of discretion, requiring correction by this court. But a single reason having been assigned for the decision, it must be presumed that no other was found. That reason being wholly without validity, there was no ground for refusing the license, and it should have been granted.

The order refusing the license is reversed, and it is ordered that a license be issued by the court below, as prayed for, upon payment of the license fees fixed by law.

RICE, P. J., and BEAVER, J., dissent.