# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## Walter Jacoby, Appellant, *v.* Owen McMahon.

*Decedent's estate—Orphans' court sale—Guardian and ward—Estoppel.*

\* Although the orphans' court has no jurisdiction to order a private sale of decedent's land for the payment of his debts, yet if such a sale had been made, and the guardian of decedent's son has been cited to appear and make any objection he might have to the sale, and the proceeds of the sale have been applied to the payment of decedent's debts, thereby relieving land in another county descending to the son, the son cannot, after the expiration of eight years, in an action of ejectment, recover the land sold by the administrator.

Argued Nov. 4, 1898. Appeal, No. 125, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1896, No. 873, on verdict for defendant. Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a lot of ground in the Fourteenth ward of the city of Pittsburg. Before PORTER, J.

The facts appear by the former report of the case in 174 Pa. 133, and in the charge of the court below which was as follows:

There is no dispute as to the substantial facts of this case. Christopher R. Jacoby, who was at that time a resident of this county, died on January 20, 1879, seized of this lot of ground,

---

\* The Act of May 9, 1889, P. L. 182, passed since this sale was made, authorizes the orphans' court to decree private sales of the real estate of decedents for the payment of debts.

and also seized of two lots of ground in the county of Fayette. He left surviving him a widow, Charlotte Jacoby, and one son, this plaintiff. At the time of his death, the lot in question was subject to the lien of a mortgage, which had been duly recorded and upon which there was at that time unpaid a balance in the neighborhood of $290. An administrator was duly appointed. On January 18, 1884, two days before the expiration of the five years, the administrator presented a petition to the orphans' court of this county for power to sell this lot in question, for the payment of debts. Charlotte Jacoby, the widow of the deceased, was, by the court, directed to be notified of this proceeding, and the citation issued to her, as widow, and also as guardian ad litem of her son, this present plaintiff. That citation was duly served upon her as widow and as guardian ad litem. [The time of the return of this sale was extended from time to time upon petition presented to the orphans' court.] [2] Attempts were made to sell the property, which failed. [Upon November 24, 1884, the orphans' court, at this same proceeding, of which the widow in her own right and as guardian ad litem of her son had had notice, made an order empowering the administrator to sell the property at private sale to this defendant, Owen McMahon,] [1] for the sum of $425 ; and the order specified the manner in which the payment should be made. McMahon was to pay the amount of the mortgage, and was to pay over and above that the sum of $134.42. The record shows that he subsequently complied with these terms, paid the mortgage and either paid to the administrator, or paid directly into the clerk of courts, the sum of $134.42, which, less the commission allowed to the clerk, $1.34, left a balance of $133.08, which sum was distributed by the orphans' court, and the funds allotted to the parties entitled to receive it.

This plaintiff was at that time a minor, about twelve years of age. The orphans' court had no power to make the decree authorizing the sale in this manner. On May 7, 1892, being still a minor, and for the purposes of that proceeding being represented by his mother as his next friend, he brought an action of ejectment against the present defendant, the purchaser at the private sale of the lot as the property of the deceased father, to recover possession of the lot of ground in question. That case

was tried and prosecuted to final judgment in the Supreme
Court of this state. The Supreme Court held that the plaintiff
was too late in bringing his action; that the defendant, having
purchased the lot under a decree of the court, being thus mis-
led by the blunder of the court, having bought in good faith
in 1884, gone into possession, having continued so down until
the time when the plaintiff, who was at that time a minor,
through his mother, brought his action of ejectment, that the
action was too late, and that the court should have given bind-
ing instructions in favor of the defendant. By that authority
we are bound.

In the present case, the evidence, save with regard to one
matter, is identical with what it was in the former case. The
only new evidence in this case is the evidence as to the value
of the property. This private sale took place in Novem-
ber, 1884, almost fourteen years ago; the evidence indicates
that at that time that portion of the city was undeveloped, the
street upon which these lots front was unimproved; as one
witness says, the property in the neighborhood was a field.
[The only evidence we have upon the question of the value of
the lot is the opinion of witnesses who are called upon in the
neighborhood of fourteen years afterwards to give their opinion
of what was the fair market value of that lot at that time.] [9]
We have upon that point the opinion of two witnesses who are
gentlemen engaged in the real estate business. One of them,
the recollection of the court is, said that he had no record of
sales for that particular year in that locality. One of them re-
fers to a sale made a year afterwards, in which a lot, which he
considers was worth more money than this lot, was sold at
$600. They each say that in their opinion, I believe, the lot
was worth in the neighborhood of $600, or something over.
On the other hand, as to the value of this lot, you have the evi-
dence of the record of the orphans' court of the repeated attempts
to sell and of the bids they had been able to procure. You
have the evidence of a party who had negotiated with the ad-
ministrator of the estate, who was the uncle of this plaintiff;
and in view of all the evidence submitted upon that point for
your consideration, this court is of opinion that it is not of
such a character as to justify submitting the case to you for
your finding upon the single fact as to whether the price paid

was the fair market value of the lot. We, therefore, say to you, gentlemen, that, in view of all the facts and circumstances in the case, the plaintiff, having been represented in the proceeding at which the sale took place by his guardian ad litem, his mother, and not having brought his action of ejectment for the purpose of impeaching that sale until May 6, 1892, and after judgment was entered against him in that case, not having brought his second action of ejectment until October 30, 1896, was too late in bringing that action, and therefore, [you will find a verdict in favor of the defendant]. [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1–3, 9) above instructions, quoting them.

*J. L. Ritchey,* with him *George W. Acklin,* for appellant, cited: Graham's Est., 14 W. N. C. 31; Spencer v. Jennings, 139 Pa. 198; Myers v. Hodges, 2 Watts, 381; Urban v. Grimes, 2 Grant, 96; Lenhart v. Ream, 74 Pa. 59; Sensinger v. Boyer, 153 Pa. 628; Hill v. Epley, 31 Pa. 334; Volkenand v. Drum, 143 Pa. 525; Dungan v. Am. Life Ins. Co., 52 Pa. 257; Plumer's App., 11 W. N. C. 144; Story's Equity Jurisprudence, sec. 240; Sims v. Everhardt, 102 U. S. 300; Brown v. McCune, 5 Sandf. (N. Y.) 224; McLaughlin v. Shields, 12 Pa. 283; Smith v. Wildman, 178 Pa. 251; McClure v. Douthitt, 6 Pa. 414; Bank of U. S. v. Lee, 13 Pet. 107.

*W. L. Merwin,* for appellee, was not heard, but cited in his printed brief: Jacoby v. McMahon, 174 Pa. 133; Peterman v. Huling, 31 Pa. 432; Torrance v. Torrance, 53 Pa. 505; Bennett v. Hayden, 145 Pa. 586; Morrison v. Nellis, 115 Pa. 41; Swain v. Fidelity Ins. Co., 54 Pa. 455; Kramer v. Mugele, 153 Pa. 493; Maple v. Kussart, 53 Pa. 348; Smith v. Wildman, 178 Pa. 253.

PER CURIAM, November 14, 1898:

This case is ruled by the decision of this Court in this same case when it was here before, 174 Pa. 133. It is not necessary to repeat the considerations which induced us to make that decision. They are fully expressed in the opinion, and they have the same force now as then.

Judgment affirmed.