Application of Henry W. McKibbins for a transfer of his
license to keep a hotel.   Appeal of John G. Scouton.

*Transfer of liquor license—Practice, Q. S.—Essentials of petition—Juris-
diction, Q. S.*

Good practice requires that a petitioner for a transfer of license should
set forth in his petition the grounds upon which the transfer is asked for
and there is no doubt that the court may in its discretion require it.   Such
averments in the petition are not, however, essential to a valid order trans-
ferring a license, and an order transferring a license will be sustained if
the applicant shall have presented a petition setting forth all facts neces-
sary under existing laws for original applications for liquor licenses.
When the petition has been filed the requisite length of time, the court has
jurisdiction to transfer the license after due hearing upon satisfactory
proof of the essential facts.

*Refusal to renew lease—Ground for transfer.*

One of the cases where the jurisdiction to transfer a license may be exer-
cised is, where the owner of the building occupied by the licensee refuses
to extend or renew a lease for the same.

Argued May 18, 1899.   Appeal, No. 5, Feb. T., 1900, by
John G. Scouton, from decree of Q. S. Sullivan Co., directing
transfer of liquor license to keep a hotel.   Before RICE, P. J.,
BEAVER, W. W. PORTER, W. D. PORTER and BEEBER, JJ.
Affirmed.   Opinion by RICE, P. J.   W. D. PORTER and BEE-
BER, JJ., dissent.

Petition for transfer of a hotel liquor license.   Before KRAUS
and LINE, associate judges.

It appears from the record that the petition set forth all the
facts necessary under the existing law for original applications
for liquor licenses.   The petition, however, did not disclose
the ground on which the transfer was asked for.   Objections
to the transfer were filed by John G. Scouton the landlord of
the petitioner.

The court below entered the following order:

Now, April 4, 1899, this application came on for hearing
and it appearing by the evidence in the case, that the owner of
the building, now licensed, had refused to renew the lease of
the building to the licensee until the licensee had bought a
building, and taken steps to have his license transferred to the

same, the remonstrance filed in this case by the owner cannot be considered by the court, as it was not filed until the day of the hearing of this case. Therefore license is transferred as requested.

J. G. Scouton appealed.

*Errors assigned* were (1) in transferring the hotel license from the McKibbins House to the old Clark store building. (2) In rejecting the remonstrance and answer of John G. Scouton, the owner of the McKibbins House, and in refusing to consider the same. (3) In refusing to hear John G. Scouton before making an order transferring the hotel license from the McKibbins House to the vacant store building. (4) In that portion of its order which reads as follows : " The remonstrance filed in this case by the owner cannot be considered by the court as it was not filed until the day of the hearing of this case, therefore license is transferred as requested."

*John G. Scouton*, for appellant.—The petition for transfer sets forth no cause whatever as required by the act of assembly. It should have contained something to give the court jurisdiction. It should have stated some reason why the petitioner was entitled to the transfer. The act of 1897, section 1, by its express terms requires that the petition for transfer "set forth all the facts necessary under existing laws for original applications for liquor licenses." The petition in this case is fatally defective, in this regard, it fails to set forth that the house has the four bedrooms and eight beds, as required by law. It fails to set forth that the house is totally or partially destroyed, or that the owner refuses to extend the lease.

The petition should show that the court had jurisdiction: Heery's License, 4 Kulp, 57 ; Welti's Election, 3 W. N. C. 165 ; Williams v. Johnson, 16 W. N. C. 223.

It had been decided before the act of 1897 that a transfer of a license would not be made from one house to another: Burns's License, 3 Dist. Rep. 429.

As the jurisdiction of the court is exceptional, the petition should set forth that the reason stated in the act for transfer existed, viz: refusal of the landlord to renew the lease: Wacker's License, 6 Pa. Superior Ct. 323.

The associate judges who are unlearned in the law heard the case. The president judge was absent. The appellant filed his answer remonstrating and asked to be heard upon grounds alleged as existing for the transfer. He was told that he came too late. The court went on and transferred the license without permitting a defense: Donoghue's License, 5 Pa. Superior Ct. 1; Distillers' License, 6 Pa. Superior Ct. 87.

A license is granted to the place and not to the person: Hanlen's License, 3 Pa. C. C. 474; Heilig's License, 2 Dist. Rep. 342.

*A. J. Bradley*, for appellee.

OPINION BY RICE, P. J., July 28, 1899:

The petition in the present case was that the court "grant him a license, a transfer from one house to another," etc. It was indorsed "petition and bond of Henry W. McKibbins for transfer of tavern license," and set forth "all the facts necessary under existing laws for original applications for liquor licenses." If the statute were silent on the subject it might well be argued that the applicant should have averred in his petition the grounds upon which the transfer was asked for, and it may be remarked that even in the absence of express statutory requirement it would be good practice to do so. Moreover, we have no doubt that the court may, in its discretion, require it. This, however, is not the question. The question is, whether such averment in the petition is absolutely essential to a valid order transferring the license. The answer to this question is contained in the statute, which provides: "Any transfer of license . . . . may be made during the regular term of court, or in chambers during vacation, when the applicant for said transfer shall have presented to the court a petition setting forth all the facts necessary under existing laws for original applications for liquor licenses." When, therefore, the petition for a transfer setting forth all that the statute requires has been filed the requisite length of time, the court has jurisdiction to transfer the license after due hearing upon satisfactory proof of the essential facts.

The objection, that the court refused to consider the remonstrance filed by the appellant is not sustained by the record taken as a whole and fairly construed. The objection to the

424          McKIBBINS'S LICENSE.

Opinion of the Court—Dissenting Opinion.   [11 Pa. Superior Ct.

transfer, stated in his own language, was: "That affiant has never notified McKibbins to quit the premises, but on the other hand, has, at all times, and is at the present time, desirous that Mr. McKibbins continue to occupy the same. That he is ready and willing to extend the lease for said house with Mr. McKibbins for one year from June 23, 1899, upon the present terms." As to this objection the court said that it appeared "by the evidence in the case, that the owner of the building now licensed had refused to renew the lease of the building to the licensee until the licensee had bought a building, and taken steps to have his license transferred to the same." If the facts were as stated in the order a case was made out which authorized the court to transfer the license. One of the cases where the jurisdiction may be exercised is, where the owner of the building occupied by the licensee refuses to extend or renew a lease for the same. After a definite refusal of the landlord to extend or renew the lease, and, acting on the faith of that, the licensee has bought a suitable building and taken steps for the transfer of the license, the owner cannot oust the jurisdiction of the court by an offer made on the hearing to renew the lease upon the same terms. We are justified in assuming that it was this offer or proposition contained in the remonstrance that the court referred to in that part of the order quoted in the fourth assignment; for it is very evident that the court did consider the objections raised by the appellant, and held them to be insufficient to prevent the transfer in view of the facts disclosed by the evidence. In this there was no error which justifies reversal.

Judgment affirmed.


W. D. PORTER, J., dissenting:

A license to sell liquors at retail, at a hotel owned by John G. Scouton, was duly granted to Henry McKibbins, who, for a time, continued to exercise the privilege thereby conferred. He, on March 21, 1899, filed in the office of the clerk of the court of quarter sessions a petition to the court, praying for the transfer of the license to another building. On April 3, 1899, a remonstrance, duly sworn to, against the transfer was filed by Scouton, the owner of the licensed hotel. On April 4, 1899, the court acting by the associate judges made an order trans-

ferring the license as prayed for, embodying in the decree this statement, " The remonstrance filed in this case by the owner cannot be considered by the court, as it was not filed until the day of the hearing in this case." From this judgment Scouton appealed and assigns for error the transferring of the license from his hotel building to another place, and second the refusal of the court to consider his remonstrance and grant him a hearing upon the same.

The only question worthy of consideration under the first assignment of error is the sufficiency of the facts, alleged in the application for transfer, to invoke the jurisdiction of the court to transfer the license from one place to another. The jurisdiction of the court to make this transfer is strictly limited to the cases mentioned in the Act of July 15, 1897, P. L. 297, among which is that arising when the owner of the licensed building refuses to extend or renew the lease for the same. The jurisdiction is exceptional, not general. This record does not, in my opinion, present a case which would warrant the court in making the order in question. The petition simply prayed for an order transferring the license, without stating any grounds whatever bringing the proceeding within the limited powers of the court to make the decree. It is true that, after this prayer for transfer, unsupported by reasons, the petition did contain the recitals of fact necessary in an ordinary original application for liquor license. It is contended on behalf of appellee that this was sufficient under the 1st section of the act, which contains this provision : " Any transfer of license, etc., may be made during the regular term of court, or in chambers during vacation, when the applicant for said transfer shall have presented to the court a petition, setting forth all the facts necessary under existing laws for original applications for liquor licenses." If this view is to prevail, it is not necessary for the applicant for a transfer to inform the court that he is already licensed or that he desires a transfer for such statements are not necessary in original applications for license. We thus have a judicial proceeding in which the purpose sought to be accomplished and the legislation by which it was authorized does not appear from an examination of the record. If the above recited provision is alone to be considered, then it is not requisite that any time shall intervene between the filing of the petition and the decree of transfer, for the trans-

fer may be made " when the applicant shall have presented to the court a petition." I would hold that the 1st section of the act is to be construed in connection with the 2d section, which enacts that "application for any such transfer shall be filed in the office of the clerk of the quarter sessions of the proper county ten days before the said petition shall be presented to the court or a judge thereof; and upon expiration of said ten days the clerk of said court of quarter sessions shall certify that the application for said transfer has been on file in his office for the period of time required by the act." The application for transfer upon which the jurisdiction of the court is founded must be of record ten days before the petition, setting forth in detail the location, accommodations in and ownership of the new house, the names and resources of the new sureties, etc., required by the 1st section of the act, is presented to the court. The petition required by the 1st section need not be filed before it is presented to the court; the application for transfer must be on record for ten days prior to that time. This indicates that the legislature intended that the proceeding should be instituted by an application for transfer in proper form, and that, before the court should be finally required to pass upon the application, it should be fully informed as to the present residence of the applicant, the character of the house to which it was proposed to transfer the license and all the details of fact which are set forth in an original application. There can be no objection to including the application for transfer, with all its necessary jurisdictional averments, and the recital of facts necessary under existing laws for original applications for license, in the same instrument; but both ought to appear in the record. When the jurisdiction of the court is by statute limited and made dependent upon a definite condition, the burden is upon him who invokes the jurisdiction to aver the existence of the condition: Spencer v. Jennings, 114 Pa. 618; Torrance v. Torrance, 53 Pa. 505.

The second, third and fourth specifications of error relate to the refusal of the court below to consider the remonstrance of the owner of the then licensed building, which had been filed and was a part of the record at the time of the hearing. A license to sell liquor is for the house and the accommodation of the public, as well as to the licensee. It is very clear that the

owner of the building has an interest which entitles him to be heard. This right has been recognized in the case of Umholtz's License, 191 Pa. 177. In the present case the record shows no notice of the application to the owner of the premises or any other person. There is no suggestion that there was any rule of court which regulated the manner and time of filing remonstrances. The remonstrance did not seek delay, it was before the court and it was entitled to consideration. If, after such consideration, the court had determined the facts against the remonstrant, that conclusion would not have been reviewable: Donoghue's License, 5 Pa. Superior Ct. 1; Doylestown Distilling Company's License, 6 Pa. Superior Ct. 87. The court made a formal order declining to consider the remonstrance, upon the ground that it had not been filed until the day of the hearing. There was no statutory requirement that it be filed at an earlier date, and the court had made no attempt by standing rule to impose reasonable restrictions as to the time within which such filing must take place. The refusal to consider the remonstrance was not an exercise of a judicial discretion, but an arbitrary turning out of court of a party who had the right to be heard. We have nothing to do with the merits of this controversy, it may be that this license ought to be transferred; but the forms of law should be observed.

I would reverse the judgment.

BEEBER, J., concurs in this dissenting opinion.